## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMBULATORY SERVICES
CORPORATION,

       Plaintiff,

v.                                 Case No. 8:19-cv-01672-T-02CPT

ALBERT WILSON and OK PROGRAM,
INC.,

       Defendants.
_____/

## <u>ORDER</u>

After reviewing the motion, the response (Dkt. 13) and the record, the Court grants Plaintiff's motion to remand (Dkt. 6).

In 2006, Ambulatory Services Corp ("ASC") executed a $1,800,000 promissory note payable to Albert Wilson and a $500,000 promissory note to Wilson's daughter, which Wilson inherited. Dkt. 1-1 ¶¶ 6, 7, 12, 20. ASC alleges that Wilson misrepresented these notes in two different chapter 13 bankruptcy proceedings in California. *Id.* ¶¶ 8–11, 15–19.  Wilson donated these notes to OK Program ("OKP") in March of 2019. Dkt. 13 at 3. In May of 2019, OKP notified ASC that it was the new holder on these notes. *Id.* In June of 2019, ASC sued Wilson and OKP in Florida state court alleging that Wilson's misconduct in the

bankruptcy proceedings makes the notes unenforceable and they should be judicially canceled. Dkt. 1-1 ¶¶ 35–42. In Count II, ASC requested declaratory relief as to the rights and liabilities under both promissory notes. Dkt. 1-1 ¶¶ 43–50. In Count I, ASC alleges Wilson breached the confidentiality and non-disclosure agreement ("CNDA"). Dkt. 1-1 ¶¶ 25–34. ASC further alleged the CNDA dealt with these notes and that it contains a venue selection clause. Dkt. 1-1 ¶ 4. OKP alleges that as it did not sign this agreement it is not bound by it and that even if Wilson violated the agreement it does not impact the enforceability of these notes by OKP. Dkt. 13 at 10.

OKP timely removed the case to federal court. Dkt. 1. OKP alleges that ASC fraudulently joined Wilson to defeat diversity.[1] Dkt. 1 ¶¶ 12–18. Specifically, as OKP is the current holder it is the only party eligible to enforce the note and therefore the only potential defendant. Dkt. 13 at 8–9. There were also issues in serving Wilson, who was deemed served by the Court. Dkt. 17. Wilson later filed an appearance and moved to quash service of process and dismiss the complaint. Dkts. 21, 25. Wilson did not directly respond to the motion to remand and instead in his motion to dismiss "raises defenses as to service of process, personal jurisdiction, failure to state a claim, and venue." Dkt. 25 at 4.

---

[1] It is undisputed that both Wilson and ASC are citizens of California. Dkt. 13 at 6.

Although there is a pending motion to dismiss, this Court must rule first on the motion to remand to determine whether it lacks jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 n.22 (11th Cir. 2000). The court's diversity jurisdiction is determined at the time of the filing of the complaint or, if removed, at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

"[T]he removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Within this context, "[t]he removal statute should be construed narrowly with doubt construed against removal." *Id.* Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

"Fraudulent misjoinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where there is no sufficient factual nexus among the claims to satisfy permissive joinder." *Squeaky Gate, Inc. v. Ohio Sec. Ins. Co.*, No. 8:18-CV-2382-T-02SPF, 2018 WL 5839870, at *1 (M.D. Fla. Nov. 8, 2018) (citations omitted). Under the permissive joinder rule, claims are

properly joined only if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and share a common "question of law or fact." Fed. R. Civ. P. 20(a)(2).

The underlying questions of fact and law as to the relevance of the CNDA, the alleged fraud on the bankruptcy court, and how those impact the validity of the promissory notes are the same for both defendants. OKP acknowledges it is not a holder in due course because it received these promissory notes as donations from Wilson. Dkt. 13 at 10. Further, ASC alleges that the close relationship and improper transfer between Wilson and OKP could impact their claims and defenses regarding the promissory notes' enforceability. Dkt. 1-1 ¶¶ 21–23. The allegations of Wilson's fraud against the bankruptcy court and any impact that has on these notes requires that Wilson be a party to this lawsuit. The underlying actions, concerning the CNDA and the alleged fraud on the bankruptcy court, are the same for both defendants, meaning the claims arise out of the same transactions and there is a sufficient factual nexus.

While OKP's allegation that as the holder it is the only party able to enforce the note is supported by the case law OKP cited, that does not alleviate ASC's claims. ASC alleges that Wilson's actions regarding the notes and his improper transfer to OKP impact the enforceability by OKP. For the Court to resolve those claims necessarily involves Wilson. OKP's reliance on *Dasma Investment*, is

misplaced. *Dasma Inv., LLC v. Realty Assoc. Fund III, L.P.*, 459 F. Supp. 2d 1294 (S.D. Fla. Oct. 30, 2006). In *Dasma Investments*, the plaintiff was seeking to enforce a promissory note against a diverse defendant and a non-diverse defendant. The court determined the non-diverse defendant did not break diversity because the plaintiff could not establish possession of the original promissory note to be able to enforce the note. *Id.* at 1300–03. After the case was removed, the plaintiff sought to add twenty-seven tenants of the warehouse it was trying to foreclose on, in order to obtain rent payments from them. The court did not allow the amendment as those tenants were added after the case was removed for the sole purpose of defeating diversity. *Id.* at 1299–300. However, *Dasma Investments* differs significantly from the facts here where Wilson was named in the original complaint and ASC has claims against him that are directly related to the issues at hand. As such, OKP has not met its burden as the removing party to establish jurisdiction and the Court lacks subject matter jurisdiction.

Accordingly, Plaintiff's motion to remand (Dkt. 6) is granted. This case is remanded due to lack of federal subject matter jurisdiction. The Court declines to award fees to movant pursuant to 28 U.S.C. § 1447. The Clerk is directed to remand this case to the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, and after effecting remand, to close this case.

DONE AND ORDERED at Tampa, Florida, on September 20, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record